Plaintiff appeals from an order which denied a motion to strike out the answer of defendant as sham, to strike out a counterclaim, and for summary judgment. Order modified on the law by striking out the ordering paragraph and substituting therefor the following : “ ORDERED that the motion, in so far as it seeks to strike out the counterclaim and defense, and for summary judgment under the third cause of action, is granted; and in all other respects the motion is denied.” As so modified, the order is affirmed, without costs. Under the regulations of the Treasury Department of the United States, bonds of Series E are registered only in the names of individuals in their own right (Department Circular No. 530, §§ 315.2, 315.4, [6th Rev.] Eeb. 13, 1945). They are not the subject of pledges (§ 315.11) and judicial proceedings which give effect to inter vivos attempts to transfer voluntarily are not recognized by the department (§ 315.13). These regulations have the force of statute. (Maryland Cas. Co. v. United States, 251 U. S. 342.) The defendant alleges an agreement was made to hold the bonds for him and transfer them to him upon request. To effectuate that agreement, there would have to be a transfer inter vivos. He alleges the bonds were endorsed by plaintiff. The transfer failed because plaintiff did not appear before an official who could certify to the transfer. That was an attempt to transfer which the regulations state will not be recognized even though a court gives effect to the attempted transfer. The counterclaim and defense do not state facts sufficient to defeat plaintiff’s cause of action for the delivery of the bonds. The issues as to the bank accounts require a trial for their determination. Carswell, Acting P. J., Johnston, Adel, Wenzel and MaeCrate, JJ., concur.